```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

                              PORTLAND DIVISION


RICK L. SOVEREIGN and AMY J.              3:11-CV-995-br
SOVEREIGN,

          Plaintiffs,                     TEMPORARY RESTRAINING
                                          ORDER
v.

DEUTSCHE BANK; MORTGAGEIT,
INC.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, a
foreign corporation;
CITIMORTGAGE, INC., a foreign
corporation; and CAL-WESTERN
RECONVEYANCE, a foreign
corporation,

          Defendants.


RICK L. AND AMY J. SOVEREIGN
401 Cherry Avenue
Oregon City, OR 97045

          Plaintiffs, Pro Se


BROWN, Judge.

1 - TEMPORARY RESTRAINING ORDER
```

This matter came before the Court on August 31, 2011, on Plaintiffs' Verified Complaint (#1) for Emergency Declaratory Relief seeking, inter alia, to halt a foreclosure and sale of their home.  Plaintiffs appeared personally and *pro se*. Without making a formal appearance and reserving all defenses, counsel Lita Gorman appeared to observe on behalf of Citimortgage and MERS.  The Court construes Plaintiffs' request for emergency injunctive relief as a Motion for a Temporary Restraining Order Pursuant to FRCP 65.  For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion and temporarily **RESTRAINS** Defendants from proceeding with the September 1, 2011, foreclosure sale of Plaintiffs' property.

### BACKGROUND

The Court takes the following facts from Plaintiff's filings and as supplemented during a colloquy with the Court on August 31, 2011.

On January 24, 2007, Plaintiffs entered into a refinance loan on their home, which is located at 401 Cherry Avenue, Oregon City, Oregon, 97045.  In exchange for their promise to pay secured by a Deed of Trust in their home, Plaintiffs accepted a loan in excess of $300,000.  The loan named Mortgageit, Inc. (MIT) as the Lender, Western Title and Escrow as Trustee, and appointed MERS as nominee of the Lender and as beneficiary of the

2 - TEMPORARY RESTRAINING ORDER

Deed of Trust.  Although MIT is designated as the "Lender" in the loan documents,  Plaintiffs alleges MIT did not fund the loan.

Plaintiffs assert Defendants, each of them in association, has filed an illegal Notice of Default and Election to Sell Plaintiffs' home.  Plaintiffs allege they do not owe any obligation to any of the Defendants and that Plaintiffs have not defaulted on the loan at issue.

In August 2010, Plaintiffs sought a loan modification with Citimortgage (CM).  During that process, which failed to yield an agreement to restructure the loan, Plaintiffs assert CM instructed them to stop making payments on their mortgage.

On March 15, 2011, MERS assigned the Deed of Trust to CM. That same day, CM appointed Cal-Western Reconveyance Corporation (CWRC) as Trustee.  Both actions were recorded in the Clackamas County records.

On April 7, 2011, Plaintiffs received the Notice of Default and Election of Sale and the Trustee Notice of Sale from CWRC. Both documents were recorded in the Clackamas County records.

Plaintiffs assert a subsequent records search revealed Fannie Mae may have an ownership interest in their mortgage.

Although the nonjudicial sale of Plaintiffs' home was originally scheduled for August 1, 2011, the sale has been postponed to September 1, 2011.

3 - TEMPORARY RESTRAINING ORDER

**STANDARDS**

A party seeking a temporary restraining order or preliminary injunction must demonstrate (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 374 (2008). "The elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *Alliance For The Wild Rockies v. Cottrell*, No. 09-35756, 2011 WL 208360, at *4 (9th Cir. Jan. 25, 2011)(citing *Winter*, 129 S. Ct. at 392). Accordingly, the Ninth Circuit has held "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.*, at *7.

"An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 129 S. Ct. at 376, 381.

**DISCUSSION**

**I.   Merits**

Plaintiff seeks an order preventing Defendants from proceeding with the proposed foreclosure sale of Plaintiffs' property as scheduled.  Plaintiffs allege claims for breach of contract and violations of the Oregon Trust Deed Act and contend the original mortgage and the subsequent assignment of the mortgage were unlawful.  Specifically, Plaintiffs contend, *inter alia*:  (1) MIT defrauded Plaintiffs in the original loan by falsely stating it was the lender and by arranging a loan for Plaintiffs that was to be securitized at greater cost to Plaintiffs, (2) because MIT was not the actual lender, it did not have the authority granted to the lender in the Deed of Trust to assign th mortgage or foreclose in the instance of a default, (3) MERS is not the actual beneficiary of the Deed of Trust and did not have the power to assign the mortgage; and (4) the assignment of the Deed of Trust without the promissory note nullifies any purported assignment.  At the hearing Plaintiffs also emphasized the recorded promissory note did not include their signatures and noted the signatures on the assignment and appointment of trustee CWRC bear signatures by the same person attesting to be an officeholder of two different entities.

In *Burgett v. Mortgage Electronic Registration Systems*, District Judge Michael Hogan explained the mortgage practice

5 - TEMPORARY RESTRAINING ORDER

engaged in by MERS as follows:

> "In 1993, the Mortgage Bankers Association, Fannie Mae, Freddie Mac, the Government National Mortgage Association (Ginnie Mae), the Federal Housing Administration, and the Department of Veterans Affairs created MERS.  MERS provides 'electronic processing and tracking of [mortgage] ownership and transfers.'  Mortgage lenders, banks, insurance companies, and title companies become members of MERS and pay an annual fee.  They appoint MERS as their agent to act on all mortgages that they register on the system.  A MERS mortgage is recorded with the particular county's office of the recorder with 'Mortgage Electronic Registration System, Inc.' named as the lender's nominee or mortgagee of record' on the mortgage.  The MERS member who owns the beneficial interest may assign those beneficial ownership rights or servicing rights to another MERS member.  These assignments are not part of the public record, but are tracked electronically on MERS's private records.  Mortgagors are notified of transfers of servicing rights, but not of transfers of beneficial ownership."

2010 WL 4282105, at *2 (D. Or. Oct. 20, 2010)(quoting Gerald Korngold, *Legal and Policy Choices in the Aftermath of the Subprime and Mortgage Financing Crisis*, 60 S.C. L.Rev. 727, 741-42 (2009)).  In *Burgett*, the plaintiff, a mortgagee, brought an action against MERS and the servicer of the plaintiff's mortgage loan alleging, among other things, a claim for breach of contract and seeking declaratory relief to prevent a foreclosure sale of his property.  The plaintiff contended the MERS practice set out above was not permitted under Oregon trust-deed law because it allowed assignment of beneficial interests without recording.  *Id*.  Judge Hogan reasoned:

6 - TEMPORARY RESTRAINING ORDER

Under ORS 86.705(1) a "'Beneficiary' means the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest, and who shall not be the trustee unless the beneficiary is qualified to be a trustee under ORS 86.790(1)(d)."  Plaintiff contends that MERS cannot meet this definition because there is no evidence that the trust deed was made to benefit MERS.  However, the trust deed specifically designates MERS as the beneficiary.  Judge Henry C. Breithaupt provides a persuasive discussion related to this issue:

> [T]he interest of MERS, and those for whom it was a nominee, in question here was recorded and known to Plaintiff when it received the litigation guarantee document prior to starting this action.
>
> The Statutes do not prohibit liens to be recorded in the deed of records of counties under an agreement where an agent will appear as a lienholder for the benefit of the initial lender and subsequent assignees of that lender-even where the assignments of the beneficial interest in the record lien are not recorded.  It is clear that such unrecorded assignments of rights are permissible under Oregon's trust deed statute because ORS 86.735 provides if foreclosure by sale is pursued all prior unrecorded assignments must be filed in connection with the foreclosure.  The trust deed statutes therefore clearly contemplate that assignments of the beneficial interests in obligations and security rights will occur and may, in fact, not have been recorded prior to foreclosure.  The legislature was clearly aware such assignments occurred and nowhere provided that assignments needed to be recorded to maintain rights under the lien statutes except where foreclosure by sale was pursued.
>
> Letter Decision in *Parkin Electric, Inc. v. Saftencu*, No. LV08040727, dated March 12, 2009 (attached as Exhibit C to the second declaration

7 - TEMPORARY RESTRAINING ORDER

> of David Weibel (# 60)).
>
> The problem that defendants run into in this case is an apparent failure to record assignments necessary for the foreclosure. As Judge Breithaupt notes, ORS § 86.735 provides that if foreclosure by sale is pursued, all prior unrecorded assignments must be filed in connection with the foreclosure. ORS § 86.735(1) specifically provides
>
>> The trustee may foreclose a trust deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if:
>>
>> (1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated.

*Id*., at *2-*3. Judge Hogan noted Oregon Revised Statute § 86.735 requires any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee to be recorded. The record in *Burgett*, however, did not reflect all transfers to the subsequent lenders/servicers had been recorded. *Id*.

Similarly, in *Rinegard-Guirma v. Bank of America*, District Judge Garr M. King granted the plaintiff, a mortgagee, a temporary restraining order against the defendants, MERS and others, prohibiting the defendants from conducting a foreclosure sale of the plaintiff's home because the plaintiff established "nothing [was] recorded with Multnomah County [that] demonstrates that LSI Title Company of Oregon, LLC is the successor trustee."

8 - TEMPORARY RESTRAINING ORDER

No. 10-CV-1065-PK, 2010 WL 3655970, at *2 (D. Or. Sept. 15, 2010). Judge King reasoned:

> Pursuant to ORS 86.790, the beneficiary may appoint a successor trustee. However, only "[i]f the appointment of the successor trustee is recorded in the mortgage records of the county or counties in which the trust deed is recorded" is the successor trustee "vested with all the powers of the original trustee." ORS 86.790(3). Accordingly, unless the appointment of LSI Title Company of Oregon, LLC was recorded, the purported successor trustee has no "power of sale" authorizing it to foreclose Rinegard-Guirma's property. *See* ORS 86.710 (describing trustee's power of sale); ORS 86.735 (permitting foreclosure by advertisement and sale but only if "any appointment of a successor trustee [is] recorded in the mortgage records in the counties in which the property described in the deed is situated").
>
> Similarly, she is likely to experience irreparable harm if her home is foreclosed upon.

*Id*. In *Hooker v. Northwest Trustee Services, Inc.*, Judge Panner reached a similar conclusion with respect to a non-judicial foreclosure in which the assignments had not been recorded in accordance with Oregon law. No. 10-CV-3111-PA, 2010 WL 2119103 (D. Or., May 25, 2011). Judge Panner assessed a Deed of Trust very similar to the one Plaintiffs submitted in this matter that designated MERS as the nominee of the lender and as the beneficiary of the Deed of Trust with all the powers of the lender. *Id*. Based on his assessment of Oregon law, Judge Panner concluded there were legitimate questions as to whether MERS was an actual "beneficiary" under Oregon Revised Statute § 86.705(1) or had the legal right to act on its own to foreclose on the

9 - TEMPORARY RESTRAINING ORDER

plaintiffs' property.  *Id.*

In *In re McCoy,* cited favorably by Judge Panner, the Federal Bankruptcy Court for the District of Oregon reached a similar conclusion and questioned the whether MERS is the lawful beneficiary under the Deed of Trust if the benefits of the loan remain with the lender.  446 B.R. 453 (Bkrtcy. D. Or., Feb. 07, 2011).

Here the assignment to CM and the appointment of CWRC appear to have been properly recorded in the Clackamas County record.  Plaintiffs' however, also assert that Fannie Mae has some interest in their mortgage that does not appear in the record.  On this record, it is not clear whether all of the assignments of Plaintiffs' mortgage have, in fact, been recorded.  Although Plaintiffs have not demonstrated a strong likelihood of success on the merits, the Court notes, as Judge Panner did in *Hooker*, that the system of non-judicial foreclosures requires strict adherence to the rules of Oregon's recording and Trust Deed statutes because the "foreclosure of one's home is a particularly harsh event."  2010 WL 2119103, at *6.  Moreover, the involvement of MERS and its system of assignments raises serious concern about whether the proper procedures have been followed.  *Id.*

Plaintiff also has established they will likely to experience irreparable harm, the loss of their home, if the scheduled foreclosure proceeds unabated and that harm hardship

10 - TEMPORARY RESTRAINING ORDER

outweighs a short delay suffered by Defendants in executing a sale.  The Court, therefore, concludes the balance of hardships tips sharply in Plaintiffs' favor, and there are at least legitimate questions raised on this record as to the merits of Plaintiffs' request for declaratory judgment.

Accordingly, the Court **GRANTS** Plaintiffs' Motion for a Temporary Restraining Order and hereby **RESTRAINS** Defendants from proceeding with the September 1, 2011, foreclosure sale of Plaintiffs' property.

**II.  Notice under Federal Rule of Civil Procedure 65**

Federal Rule of Civil Procedure 65(b) provides in pertinent part:

> (1) Issuing Without Notice.  The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here the Court issues the order temporarily restraining Defendants from proceeding with the proposed foreclosure sale of Plaintiffs' property without notice to Defendants because there is insufficient time before the scheduled foreclosure sale to

11 - TEMPORARY RESTRAINING ORDER

Case 3:11-cv-00995-BR    Document 7    Filed 08/31/11    Page 12 of 13

compel Defendants to appear and to respond to the Motion.  The Court concludes the risk of irreparable harm to Plaintiffs is significant when weighed against the temporary delay authorized by this Order.

### III. Security

Pursuant to Rule 65(c), the Court requires Plaintiffs to post a $500.00 bond with the Clerk of Court by **4 p.m., September 14, 2011.**, as a reasonable security for any costs or damages sustained by any party found to have been wrongfully restrained.

### CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion (#1) for a Temporary Restraining Order and hereby **RESTRAINS** Defendants from proceeding with the September 1, 2011, foreclosure sale of Plaintiffs' property.  The Court **DIRECTS** Plaintiffs to post a $500.00 bond with the Clerk of Court by **4 p.m., September 14, 2011.**

The Court also **ORDERS** Plaintiffs and all Defendants who receive notice of this matter to appear in Courtroom 14A on September 12, 2011, at 2:30 p.m., to be heard regarding this TRO and future proceedings in this matter.

IT IS SO ORDERED.

DATED this 31st day of August, 2011.

This order is issued on August 31, 2011, at 5:00 p.m., and expires on September 12, 2011, at 2:30 p.m., unless extended by order of the Court.

/s/ Anna J. Brown

ANNA J. BROWN
United States District

13 - TEMPORARY RESTRAINING ORDER