UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| RICK L. SOVEREIGN and AMY J. SOVEREIGN, | Case No.: CV 11 995 BR<br>FILED 17 OCT '11 15:29 USDC-ORP |
| Plaintiffs, | |
| vs. | |
| DEUTSCHE BANK, MORTGAGEIT, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEM, CITIMORTGAGE and CAL-WESTERN RECONVEYANCE CORPORATION; | PLAINTIFFS' OPPOSITION TO DEFENDANTS DEUTSCHE BANK AND MORTGAGEIT, INC.'S MOTION TO DISMISS |
| Defendants. | |

COMES NOW, Plaintiffs in opposition to Defendants Deutsche Bank (DB) and MortgageIT (MIT), Inc.'s, Cal-Western Reconveyance Corporation (CWRC) joining, Motion to Dismiss, as explained below.

### INTRODUCTION

Defendants seem to be locked in a wrong-minded paradigm. Declaratory Judgment, otherwise known as preventative adjudication, seeks a Court's <u>opinion</u> that possesses three characteristics. First, the opinion is not accompanied by a remedial order that commands action by the parties, such as an order to pay damages. There is no need for a command because the plaintiff is seeking only a **clarification** of his or her legal position. Second, an opinion in preventive adjudication is **prospective**. A plaintiff seeks to avoid future harm—clarification can help only going forward. Third, preventive adjudication is able to provide clarification because courts engage in a familiar task: saying **how the law applies to certain facts**. Preventative adjudication is appropriate and encouraged in instances where discounting is pervasively inadequate. In summary then, a declaratory judgment is a form of practical relief that should be

1

employed whenever it will promote expediency, increase clarity, decrease uncertainty, or serve additional useful purposes, as here. A Motion for Failure to State a Claim is appropriate in remedial adjudication, but not in preventative adjudication. Plaintiffs have not sought remedial adjudication. The Court, *sua sponte*, deemed the Plaintiffs' allegations and/or the current foreclosure environment sufficiently serious to act on the side of caution temporarily restraining Defendants from moving forward with foreclosure. Defendants now have an opportunity to establish Defendants as the entity to which payment is due in harmony with the statutory scheme found at O.R.S. 86.

Plaintiffs seek declarations focused primarily on chain of title issues. Plaintiffs allege the contracts, comprised of the Promissory Note and the Deed of Trust, are void for fraud, because 1) the purported Lender is not the Lender in fact, and 2) the transaction lacked consideration and meeting of the minds. Plaintiffs affirm they have an obligation that arose by operation of law when the loan was funded, but Plaintiffs assert that the Promissory Note is incapable of being evidence of the obligation because of the defects above. It is unknown to whom that obligation is payable, or the amount payable.

Plaintiffs' loan was securitized. A securitized loan is governed solely by the Pooling and Servicing Agreement (PSA). The PSA requires, among other things, that the Investors (Certificate holders) be paid from funds held in the trust that owns the loans. In the event that the trust lacks sufficient funds to pay Investors, the PSA requires the Master Servicer to make up the shortfall. If the Master Servicer is unable keep payments current, the PSA requires that the Sub Servicer do so. Therefore, payments to the Investors are, in virtually every mortgage loan, kept current pursuant to the PSA, i.e. no default has occurred with respect to the Investors, the source of funding for Plaintiffs' loan. When Plaintiffs stopped paying at the behest of CM, the

Defendants were not and are not entities rightfully due payment and therefore Plaintiffs are not in default with respect to Defendants. So, what is the resolution? Do you look to the purported document trail, do you look to the actual document trail or do you follow the money. The correct answer is the latter. Ms. Gorman was clear in a private conversation with Plaintiffs when she stated: "You will never get the information you are requesting," referring to accounting records held by her client. She has arrogantly challenged the Court as well.

The PSA requires that the securitization schema below be strictly followed.



ORS 86.735(1) requires that ALL assignments are to be recorded in the land records of Clackamas County PRIOR to foreclosure. The assignments involving the Sponsor and Depositor have not been recorded, which constitutes a material and relevant violation of ORS 86.735(1) and a breach of contract for failure to abide by the clear and unambiguous preconditions found in the non-judicial foreclosure statutes. Because of such violations, Defendants are prohibited from foreclosing.

## MOTION ARGUMENT

### A. Deutsche is improperly named as a defendant based solely on its status as MortgageIT's parent company.

Defendant DB acquired the assets and liabilities of MIT, together with the rights and obligations of MIT and therefore DB is culpable in any MIT bad behavior, just as Bank of America is culpable in the machinations revealed in the Countrywide debacle.

### B. The core relief sought by plaintiffs does not involve MortgageIT.

Defendants are misguided. MIT was essential to the artifice. Unless Plaintiffs loan involved forward selling,[1] MIT was ground zero for the fraud. See Paragraph C below.

### C. The declarations sought by plaintiffs as to MortgageIT do not present an "actual controversy" under the Declaratory Judgment Act.

Again, Defendants are misguided. Defendants are an essential component in the association in fact. Without MIT, who initiated the fraud by holding itself out to be the lender when it was not, the transaction would not have moved forward. MIT is therefore a proper party whose acts and actions damaged Plaintiffs by intentionally, knowingly and willingly corrupting Plaintiffs loan which resulted in a transaction that cost Plaintiffs substantially more money than if Plaintiffs had of borrowed directly from the Lender in fact, and caused myriad other injuries too.

As stated in Plaintiffs' Complaint, resolution as to MIT being the Lender in fact or merely a straw man can easily be undertaken by following the money.

---

[1] "Selling forward" means that the security was sold and the money was collected before the first loan was funded on behalf of borrowers. However, even if the investment banker had not closed the sale of the securities with investors before accepting applications for loans, it would have been on the basis of an expectation of said funding. Ultimately, in all securitized loans there is really only one transaction — a loan from the investors to the homeowner. Without an investor there would be no loan; conversely without a borrower there would be no investor or investment.

4

### D. The declarations sought by plaintiffs that are specific to MortgageIT are factually and legally unsupportable.

Plaintiffs have established by and through the Escrow Instructions that if the funding of Plaintiffs' loan should fail, funds were to be returned to a "warehouse lender". See Plaintiffs' Status Report, Exhibit B. A warehouse line of credit is a credit line used by mortgage bankers. It is a short-term revolving credit facility extended by a financial institution to a mortgage loan originator for the funding of mortgage loans. It is incontrovertible the funds advanced by the originator, MIT, did not belong to MIT. MIT acted as a straw man, but falsely held itself out to be the Lender in fact, corrupting the Promissory Note and Deed of Trust, while participating in an artifice to mislead Plaintiffs. The diagram below shows the complexity of the scheme where the Borrower is not the homeowner, but instead is the originator of the loan. Reg. Z deems warehouse lending, otherwise known as table funding, a predatory lending practice. See TILA, § 226.1 et seq.

Plaintiffs dispute Defendants' claim that MIT is a third party beneficiary. Defendants are mere fee-for-service vendors where Defendants have rented their mortgage lending license to the association in fact to consummate the loan transaction. The funding for the loan will not show on Defendant MIT's books and records as an asset indicating ownership. Rather inspection of the books and records would find an entry in the income statement for a fee collected (revenue item) clearly establishing MIT role as a straw man and not the obligee. MIT has misrepresented its role as Lender in fact, a material and relevant fact because the Promissory Note no longer can serve as evidence of the obligation, but more troublesome is the fact that from the get go, the chain of title was destroyed casting a permanent and ominous cloud on the title.



**How Warehouse Line of Credit Works?**
The structure described below is a generic one, and it may be modified under different circumstances.

A. IFC provides warehouse line of credit to an eligible borrower for the purpose of acquiring and warehousing mortgage portfolio.
B. With the disbursement from WHL, Borrower purchases qualifying mortgage portfolio from a number of qualified mortgage originators. In the meantime, the mortgage portfolio is pledged to IFC as collateral under WHL.
C. Borrower packages and structure the mortgage portfolio into a bankruptcy-remote Special Purpose Vehicle for securitization.
D. A reputable financial institution is selected as a financial trustee to monitor and supervise the trust property. A reputable financial institution is also selected as a custodian of the trust property.
E. When a critical mass of mortgage portfolio is accumulated, the trust issues mortgage backed securities to capital market.
F. The proceeds from each securitization will be funneled through trustee back to IFC, thus replenishing WHL for subsequent use. IFC will continue to have full recourse to Borrower in the event that the proceeds from securitization of the underlying mortgage portfolio do not fully cover the debt obligation to IFC.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court DENY DB/MIT Motion.

Prepared and submitted on 10/17/11

_____
Rick L. Sovereign

_____
Amy J. Sovereign

## CERTIFICATE OF SERVICE

On the __ day of October, 2011, I sent by First Class Mail Plaintiffs' Opposition to Defendants Deutsche Bank and MortgageIT, Inc. Motion to Dismiss to parties and by the method shown in the table below:

| | |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON – PORTLAND<br>Attn.: Court Clerk<br>Mark O. Hatfield United States Courthouse<br>1000 Southwest Third Avenue, Suite 740<br>Portland, Oregon 97204-2930 | HAND DELIVERED |
| Leta Gorman, esq<br>Jordan Ramis PC<br>Atty for MERS and CitiMortgage<br>Two Centerpointe Dr 6th Flr<br>Lake Oswego OR 97035 | FIRST CLASS MAIL |
| Blake J Robinson<br>Davis Wright Tremaine LLP<br>Atty for MortgageIT & Deutsche Bank<br>1300 SW 5th Ave Ste 2300<br>Portland OR 97201 | FIRST CLASS MAIL |
| Timothy B. Hering<br>Dunn, Carney, Allen, Higgins & Tongue, LLP<br>Atty for Cal-Western<br>851 SW Sixth Ave Ste 1500<br>Portland OR 97204 | FIRST CLASS MAIL |

I declare under penalty of perjury under the laws of the State of Oregon that the above is true and correct.

Prepared and signed this 17 day of October, 2011 by:

_____
Rick L. Sovereign

7