IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RICK L. SOVEREIGN and AMY J. SOVEREIGN, | 3:11-CV-995-BR |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| DEUTSCHE BANK; MORTGAGEIT, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, a foreign corporation; CITIMORTGAGE, INC., a foreign corporation; and CAL-WESTERN RECONVEYANCE, a foreign corporation, | |
| Defendants. | |

**RICK L. AND AMY J. SOVEREIGN**
401 Cherry Avenue
Oregon City, OR 97045

       Plaintiffs, *Pro Se*

1 - OPINION AND ORDER

**WILLIAM D. MINER, III**
**BLAKE J. ROBINSON**
Davis Wright Tremaine, LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, OR 97201-5630
(503) 241-2300

>     Attorneys for Defendants Deutsche Bank and
>     Mortgageit, Inc.

**LETA E. GORMAN**
Jordan Schrader Ramis PC
Two Centerpointe Drive, Sixth Floor
Lake Oswego, OR 97035
(503) 598-7070

>     Attorneys for Defendants Mortgage Electronic
>     Registration System and CitiMortgage

**TIMOTHY B. HERING**
Dunn Carney Allen Higgins & Tongue, LLP
851 S.W. Sixth Avenue, Suite 1500
Portland, OR 97204-1357
(503) 224-6440

>     Attorneys for Defendant Cal-Western Reconveyance
>     Corporation

**BROWN, Judge.**

This matter comes before the Court on the Motion (#15) to Dismiss by Defendants Deutsche Bank (DB) and Mortgageit, Inc.; the Motion (#21) to Dismiss, to Strike, and, in the Alternative, to Make More Definite by Defendants Mortgage Electronic Registration System (MERS) and CitiMortgage (CM); and the Motion (#23) to Dismiss by Defendant Cal-Western Reconveyance Corporation (CWRC).

2 - OPINION AND ORDER

## BACKGROUND

The following facts appear in Plaintiffs' filings and were supplemented during the colloquies with the Court on August 31, 2011, and November 10, 2011.

On approximately January 24, 2007, Plaintiffs entered into a refinance loan on their home, which is located at 401 Cherry Avenue, Oregon City, Oregon, 97045.  In exchange for their promise to pay secured by a Deed of Trust in their home (which appears to have been recorded on January 31, 2007), Plaintiffs accepted a loan in excess of $300,000.  The loan named MIT as the Lender and Western Title and Escrow as Trustee and appointed MERS as nominee of the Lender and as beneficiary of the Deed of Trust. Although MIT is designated as the Lender in the loan documents, Plaintiffs allege MIT did not fund the loan and was instead a broker.

Plaintiffs assert Defendants, each of them in association with one another, filed an illegal Notice of Default and Election to Sell Plaintiffs' home.  Plaintiffs allege they do not owe any obligation to any of the Defendants and that Plaintiffs have not defaulted on the loan at issue.

In August 2010 Plaintiffs sought a loan modification with CM.  During that process, the parties failed to reach an agreement to restructure the loan, and Plaintiffs assert CM instructed them to stop making payments on their mortgage.

3 - OPINION AND ORDER

On approximately March 15, 2011, MERS assigned the Deed of Trust to CM.  That same day CM appointed CWRC as Trustee.  Both actions were recorded in the Clackamas County records.  Plaintiffs point to indications of possible "robo-signers" or other potentially fraudulent acts in these conveyances.

On April 7, 2011, Plaintiffs received the Notice of Default and Election of Sale and the Trustee Notice of Sale from CWRC.  These documents also were recorded in the Clackamas County records.

On August 17, 2011, Plaintiffs filed their Verified Complaint (#1) for Emergency Declaratory Relief seeking, *inter alia*, to halt the foreclosure and sale of their home.  Although Plaintiffs' Complaint reads as if Plaintiffs seek to allege claims against Defendants for breach of contract, fraud, and violations of the Oregon Trust Deed Act, Plaintiffs clarified at oral argument on November 10, 2011, that they seek the Court to provide only declaratory relief and an award of costs as follows:

    a.   Declare Defendant MIT is a mortgage broker and not a Lender as depicted in the Promissory Note and Deed of Trust.

    b.   Declare Defendant MIT lacks the authority to assign Plaintiffs' loan.

    c.   Declare Defendant MERS is solely a nominee; is not an entity entitled to payment; and, therefore, is not a beneficiary.

    d.   Declare Defendant MERS cannot assign Plaintiffs' Deed

4 - OPINION AND ORDER

of Trust.

  e. Declare CM is an invalid assignee respecting the "Subject Property."

  f. Declare CWRC is an invalid assignee respecting the "Subject Property."

  g. Issue an order for Plaintiffs to recover their costs.

  h. Issue an order to show cause why an evidentiary hearing should not take place.

  I. Issue an order for "re-alignment" of the parties.

  j. Declare Plaintiffs' obligation for the loan still exists, but the payee and the amount is unknown.

  Although the nonjudicial sale of Plaintiffs' home was originally scheduled for August 1, 2011, the parties reached an agreement to postpone the sale to September 1, 2011.  The Court, after a hearing, enjoined the sale of the home by issuing a Temporary Restraining Order (TRO) on August 31, 2011.  At the hearing on August 31, 2011, the Court ordered Plaintiffs to post security in the amount of $500.00, which Plaintiffs have done. The TRO is set to expire on December 1, 2011, and the Court previously scheduled a hearing for that date to determine whether the TRO should be allowed to expire or should be extended.

  Each Defendant has now appeared and each has filed a Motion to Dismiss.

5 - OPINION AND ORDER

**STANDARDS**

I.  **Motion to Dismiss.**

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 556. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007).

The Supreme Court further clarified in *Iqbal* the requirements for a pleading to survive a motion to dismiss:

> As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  550 U.S., at 555, 127 S. Ct. 1955.  Nor does a complaint suffice if it tenders "naked assertion[s]"

>     devoid of "further factual enhancement."
>     *Id.*, at 557, 127 S. Ct. 1955.

129 S. Ct. at 1949-50.

"[A] complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to 'state a claim to relief that is plausible on its face.'" *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010)(quoting *Iqbal*, 129 S. Ct. at 1949 (2009), and *Twombly*, 550 U.S. at 570). A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam). Thus, the court must construe *pro se* filings liberally. If a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)(quoting *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000)).

**II. Declaratory Judgments.**

The Declaratory Judgment Act provides in relevant part that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The

7 - OPINION AND ORDER

limitations that Article III imposes upon federal court jurisdiction are not relaxed in the declaratory-judgment context. Indeed, the case-or-controversy requirement is incorporated into the language of the very statute that authorizes federal courts to issue declaratory relief." *Gator.com Corp. V. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005). As the Supreme Court held in *MedImmune Inc. v. Genetech Inc.*:

> *Aetna* and the cases following it do not draw the brightest of lines between those declaratory-judgment actions that satisfy the case-or-controversy requirement and those that do not. Our decisions have required that the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.*, at 240-241, 57 S. Ct. 461. In *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941), we summarized as follows: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

549 U.S. 118, 127 (2007). The Supreme Court has emphasized the district court's "unique and substantial" discretion as to whether to issue declaratory judgments. The Court underscored "[i]f a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment

8 - OPINION AND ORDER

will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). "When there is no actual controversy, the court has no discretion to decide the case.  When there is an actual controversy and thus jurisdiction, the exercise of that jurisdiction is discretionary."  *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 634 (Fed. Cir. 1991).

## MOTION (#15) TO DISMISS BY DB AND MIT

DB and MIT each contend the Court should dismiss Plaintiffs' claims against them because there is not any actual present dispute between them and Plaintiffs over which the Court has jurisdiction to issue a declaratory judgment.

MIT asserts there is not any present dispute between Plaintiffs and MIT because MIT no longer has any interest in Plaintiffs' Mortgage, it is not attempting to collect on Plaintiffs' Promissory Note, it is not a party to the foreclosure proceedings, and any declaration issued by the Court based on Plaintiffs' Complaint would not affect any legal rights between Plaintiffs and MIT.  Thus, MIT emphasizes even though it may have some factual role in the events that give rise to the present litigation, there is not, in fact, any actual legal dispute between Plaintiffs and MIT.

9 - OPINION AND ORDER

According to Plaintiffs, their recitation of fraud against MIT arises from MIT's alleged misrepresentations as to its putative status as Lender in the origination of Plaintiffs' Mortgage.  Plaintiffs, however, made clear at the hearing before the Court on November 10, 2011, that they are not attempting to assert a claim for fraud against MIT.

DB notes Plaintiffs' sole allegation against it is that DB is the parent corporation of MIT.  DB contends Plaintiffs have not pled any legal basis on which the Court could conclude DB should be held responsible for any liability of MIT.  DB asserts it acquired MIT after the transaction at issue and that it did not take any actions with respect to the loan at issue.  DB points out that none of Plaintiffs' exhibits mention DB and that Plaintiffs do not allege DB ever had any interest in their Mortgage.  Ultimately DB contends its presence is not required in this action because the declarations sought by Plaintiffs do not affect any obligation, interest, or right of DB.  Furthermore, because Plaintiffs' claim against DB would, at a minimum, depend on a viable claim against MIT, DB argues the dismissal of MIT should result in a dismissal of DB as well.

At oral argument on November 10, 2011, Plaintiffs were unable to articulate a basis in law for the Court's jurisdiction to issue any declaration as to DB and MIT of how DB and MIT are involved in the actual dispute about the efforts to foreclose

10 - OPINION AND ORDER

Plaintiffs' Mortgage. Essentially Plaintiffs merely assert DB and MIT are part of the factual history of Plaintiffs' Mortgage.

Viewing this record as liberally as possible, the Court concludes Plaintiff' claims for declaratory relief do not implicate any present legal interest of either DB or MIT nor have Plaintiffs pled any basis for asserting DB's liability for any actions by MIT. Accordingly, the Court dismisses Plaintiffs' Complaint to the extent that Plaintiffs seek a declaration against either MIT or DB.

### **MOTION (#21) TO DISMISS BY CM AND MERS**

CM and MERS move to dismiss Plaintiffs' Complaint for failure to state a claim and, in the alternative, request the Court to require Plaintiffs to make their claims more definite and certain. In addition, CM and MERS made numerous motions to strike evidence and allegations contained in Plaintiffs' pleadings.

CM and MERS contend Plaintiffs have failed to state a claim that the foreclosure of their Mortgage is unenforceable on the basis of the involvement of MERS as nominee of the lender and as beneficiary of the Deed of Trust. CM and MERS rely on the recent decision by the Ninth Circuit in *Cervantes v. Countrywide Home Loans, Inc.*:

> [P]laintiffs advance a novel theory of
> wrongful foreclosure. They contend that all

11 - OPINION AND ORDER

transfers of the interests in the home loans within the MERS system are invalid because the designation of MERS as a beneficiary is a sham and the system splits the deed from the note, and, thus, no party is in a position to foreclose.

Even if we were to accept the plaintiffs' premises that MERS is a sham beneficiary and the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose. The legality of MERS's role as a beneficiary may be at issue where MERS initiates foreclosure in its own name, or where the plaintiffs allege a violation of state recording and foreclosure statutes based on the designation. *See, e.g., Mortgage Elec. Registration Sys. v. Saunders*, 2 A.3d 289, 294-97 (Me.2010)(concluding that MERS cannot foreclose because it does not have an independent interest in the loan because it functions solely as a nominee); *Landmark Nat'l Bank*, 216 P.3d at 165-69 (same); *Hooker v. Northwest Tr. Servs.*, No. 10-3111, 2011 WL 2119103, at *4 (D. Or. May 25, 2011) (concluding that the defendants' failure to register all assignments of the deed of trust violated the Oregon recording laws so as to prevent non-judicial foreclosure). *But see Jackson*, 770 N.W.2d at 501 (concluding that defendants' failure to register assignments of the beneficial interest in the mortgage loan did not violate Minnesota recording laws so as to prevent non-judicial foreclosure). This case does not present either of these circumstances and, thus, we do not consider them.

Here, MERS did not initiate foreclosure: the trustees initiated foreclosure in the name of the lenders. Even if MERS were a sham beneficiary, the lenders would still be entitled to repayment of the loans and would be the proper parties to initiate foreclosure after the plaintiffs defaulted on their loans. The plaintiffs' allegations do not

12 - OPINION AND ORDER

> call into question whether the trustees were
> agents of the lenders. Rather, the
> foreclosures against Almendarez and Maximo
> were initiated by the trustee Tiffany & Bosco
> on behalf of First Franklin, who is the
> original lender and holder of Almendarez's
> and Maximo's promissory notes. Although it
> is unclear from the pleadings who the current
> lender is on plaintiff Cervantes's loan, the
> allegations do not raise any inference that
> the trustee Recontrust Company lacks the
> authority to act on behalf of the lender.

656 F.3d 1034, 1044 (9th Cir. 2011).

    In addition to *Cervantes*, the Court has carefully reviewed various decisions of other judicial officers in the District of Oregon that relate to the role of MERS in home-mortgage loans. The Court is satisfied, particularly in light of the *dicta* in *Cervantes*, that there is not any current binding authority that the mere involvement of MERS in a mortgage transaction is *ipso facto* grounds for invalidating a foreclosure proceeding. Moreover, the Court does not find any basis in Oregon law that would prevent MERS from being appointed as a nominee of the lender or as a beneficiary of a deed of trust. Thus, the Court does not find any basis to invalidate the Deed of Trust at issue in this matter merely because the Deed of Trust appoints MERS as the nominee of the Lender with the rights to sell or to transfer the Mortgage without notice to the borrower and to foreclose on the Deed of Trust. (As noted, MERS later transferred the Deed of Trust in Plaintiffs' home to CM, and that transfer was recorded in the Clackamas County records.) On these facts, therefore, the

13 - OPINION AND ORDER

Court concludes Plaintiffs have not presently stated any basis in law for the declarations they seek arising from the mere involvement of MERS. To this extent, the Court grants the Motion to Dismiss by CM and MERS and dismisses Plaintiffs' Complaint.[1]

Plaintiffs, however, also appear to invoke defenses to both the original Mortgage transaction and to the subsequent assignment of their Mortgage from MERS to CM as grounds for opposing nonjudicial foreclosure by CM and CWRC. Plaintiffs contend, *inter alia*: (1) MIT defrauded Plaintiffs in the original loan by falsely stating it was the lender and by arranging a loan for Plaintiffs that was to be securitized at greater cost to Plaintiffs; (2) because MIT allegedly was not the actual lender, it did not have the authority granted to the lender in the Deed of Trust to assign the Mortgage or to foreclose if a default occurred; and (3) MERS is not the actual beneficiary of the Deed of Trust and did not have the power to assign the Mortgage.

Although the Court concludes Plaintiffs have not stated a claim for relief based solely on the contention that MERS cannot lawfully be a nominee of the lender or the beneficiary of a deed of trust, the Court cannot foreclose at this juncture the possibility that Plaintiffs could raise a viable defense either

---

[1] The Alternative Motion to Make More Definite and the Motions to Strike by CM and MERS, therefore, are moot.

to the original Mortgage or to the assignment of the Mortgage to CM.  Accordingly, the Court also gives Plaintiffs leave to file an Amended Complaint **no later than December 15, 2011,** to state facts that provide a legal basis for a declaration against any Defendant that would prevent the foreclosure of their home sought by CM.  Finally, the Court notes Plaintiffs concede they have not pled a fraud claim, which, in turn, moots the Motion by CM and MERS as to any such claim.  To the extent that any claim Plaintiffs seek to replead in their Amended Complaint relies on allegations of fraud, the Court reminds Plaintiffs that those allegations must meet the more exacting pleading standard set out in Federal Rule of Civil Procedure 9(b) or they will be disregarded.

## MOTION (#23) TO DISMISS BY CWRC

CWRC moves to dismiss Plaintiff' Complaint on the same grounds as CM and MERS as discussed above, and, to that extent, the Court grants CWRC's Motion to Dismiss Plaintiffs' claims.  In addition, CWRC contends Plaintiffs' claims against CWRC are wholly derivative of Plaintiffs' claims against the other Defendants in this matter and that CWRC is not necessary to Plaintiffs' claims for declaratory relief.  The Court notes, however, that Plaintiffs are challenging the Notice of Default and Election to Sell executed by CWRC as Trustee of the Deed of

Trust. As such, CWRC is a party presently restrained by the Court's TRO and is the Trustee over the Deed of Trust on Plaintiffs' home that Plaintiffs' seek to prove is not legally enforceable. Accordingly, to the extent that CWRC seeks a dismissal on grounds similar to those advanced by DB or MIT, the Court denies CWRC's Motion.

## CONCLUSION

For these reasons, the Court **GRANTS** the Motion (#15) to Dismiss by DB and MIT and **DISMISSES** Plaintiffs' Complaint against them. The Court **GRANTS in part** the Motion to Dismiss (#21) by CM and MERS for failure to state a claim and **DISMISSES** Plaintiffs' Complaint against these Defendants. The Court **DENIES as moot** the balance of the Motion by CM and MERS. The Court **GRANTS** the Motion (#23) to Dismiss by CWRC to the extent that CWRC joins in the Motion by CM and MERS and, therefore**, DISMISSES** Plaintiffs' Complaint against this Defendant. The Court, however, **DENIES** CWRC's Motion to the extent that CWRC seeks to be dismissed from this matter on grounds similar to those set out by DB and MIT.

The Court **GRANTS** Plaintiffs leave to file an Amended Complaint against all Defendants **no later than December 15, 2011**, to allege facts that provide a legal basis for the Court to grant their request that the Court declare the unenforceability of the

16 - OPINION AND ORDER

n
n
n
n

Mortgage and/or the subsequent assignment of their Mortgage.

Pending Plaintiffs further pleading and any additional motions against Plaintiffs' Amended Complaint, the Court concludes it is reasonable to extend the TRO presently in effect in this matter and hereby **EXTENDS the TRO until January 4, 2012**.

As set out on the record at the November 10, 2011, hearing the Court has granted the Motion (#19) to Modify Security by CM and MERS subject to further briefing. In particular, the Court directed Defendants to file a supplemental showing of the fair rental value of Plaintiffs' home **no later than noon on November 23, 2011,** and Plaintiffs' to file their supplemental showing **no later than December 5, 2011,** after which the Court will determine the amount of security it will require Plaintiffs to pay beginning January 4, 2012, and monthly thereafter as a condition of any continuation of the TRO. The Court, therefore, strikes the hearing on December 1, 2011, that was previously scheduled for the purpose of considering whether the TRO should be extended or permitted to expire.

Finally, the Court notes on November 10, 2011, Defendants CitiMortgage, Inc., and Mortgage Electronic Registration System Inc., filed their Motion (#38) to Vacate the TRO in anticipation of the now-stricken hearing on December 1, 2011. In light of the Court's rulings herein dismissing Plaintiff's Complaint with leave to replead; extending the TRO until January 4, 2012; and

17 - OPINION AND ORDER

striking the hearing previously set for December 1, 2011, the Court concludes Defendants' Motion (#38) to Vacate the TRO should be considered in light of any Amended Complaint that Plaintiffs file because, at its heart, Defendants' Motion depends on the likelihood of Plaintiffs' success on the merits of any declaratory-judgment claims they can legitimately assert. Accordingly, the deadline for Plaintiffs to file a response to Defendants' Motion (#38) is **extended to December 15, 2011**, the same deadline for Plaintiffs to file any Amended Complaint. Defendants' reply in further support of its Motion is due **no later than December 29, 2011**.  The Court will hear argument on Defendants' Motion (#38) to Vacate the TRO **on January 4, 2012, at 10:00 a.m.**

    IT IS SO ORDERED.

    DATED this 15th day of November, 2011.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

18 - OPINION AND ORDER