IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RICK L. SOVEREIGN and AMY J. SOVEREIGN, | 3:11-CV-995-BR |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| DEUTSCHE BANK; MORTGAGEIT, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, a foreign corporation; CITIMORTGAGE, INC., a foreign corporation; and CAL-WESTERN RECONVEYANCE, a foreign corporation, | |
| Defendants. | |

**RICK L. SOVEREIGN AND AMY J. SOVEREIGN**
401 Cherry Avenue
Oregon City, OR 97045

       Plaintiffs, *Pro Se*

**WILLIAM D. MINER, III**
**BLAKE J. ROBINSON**
Davis Wright Tremaine, LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, OR 97201-5630
(503) 241-2300

       Attorneys for Defendants Deutsche Bank and
       Mortgageit, Inc.

1 - OPINION AND ORDER

**LETA E. GORMAN**
Jordan Schrader Ramis PC
Two Centerpointe Drive, Sixth Floor
Lake Oswego, OR 97035
(503) 598-7070

>    Attorneys for Defendants Mortgage Electronic
>    Registration System and CitiMortgage

**TIMOTHY B. HERING**
Dunn Carney Allen Higgins & Tongue, LLP
851 S.W. Sixth Avenue, Suite 1500
Portland, OR 97204-1357
(503) 224-6440

>    Attorneys for Defendant Cal-Western Reconveyance
>    Corporation

**BROWN, Judge.**

On January 4, 2012, the Court heard oral argument on the Motion (#38) to Vacate Temporary Restraining Order by Defendants CitiMortgage (CM) and Mortgage Electronic Registration System (MERS). The Court **granted** *sua sponte* the Motion (#63) to Dismiss by Defendants Deutsche Bank and Mortgageit and **dismissed** Plaintiffs' claims against them for the reasons set out on the record and in the Court's Opinion and Order (#42) issued on November 15, 2011.

At the hearing on Defendants' Motion to Vacate the TRO, Plaintiffs represented that they could not pay and, therefore, did not intend to pay the $2,000 monthly security required by the Court as a condition of maintaining the Temporary Restraining Order (TRO) in its Order (#52) issued on December 12, 2011. As

2 - OPINION AND ORDER

set out on the record, the Court has determined Plaintiffs' intended failure to pay this security likely tips the Court's analysis of the equities in favor of Defendants in this matter under this factor of the four-part test for determining whether to grant (or to maintain) injunctive relief.  Nonetheless, the Court must still weigh Plaintiffs' likelihood of success on the merits to determine whether it is appropriate to maintain the TRO, an issue which is inextricably intertwined with the Court's resolution of the recently-filed Motion by Defendants CM and MERS (#59) to Dismiss [Plaintiffs' First Amended Complaint] for Failure to State a Claim.  The Court, therefore, will consider and resolve both Motions (#38, #59) simultaneously.  As set out on the record, the Court **directs** Plaintiffs to file their response to Defendants' Motion to Dismiss **no later than January 25, 2012**.  Defendants' reply, if any, is due **no later than February 6, 2012**.

    As noted during the January 4, 2012, hearing, Defendants' Motion to Dismiss challenges Plaintiffs' First Amended Complaint (#55) and attachments for failure to state a claim under Federal Rule of Civil Procedure 12.  The standards that govern this Court's review of the sufficiency of Plaintiffs' Amended Complaint are as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief

3 - OPINION AND ORDER

> that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007).

The Supreme Court further clarified in *Iqbal* the requirements for a pleading to survive a motion to dismiss:

> As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

129 S. Ct. at 1949-50.

"[A] complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains

4 - OPINION AND ORDER

enough facts to 'state a claim to relief that is plausible on its face.'" *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010)(quoting *Iqbal*, 129 S. Ct. at 1949 (2009), and *Twombly*, 550 U.S. at 570). A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam). Thus, the court must construe *pro se* filings liberally. If a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)(quoting *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000)). As noted during the January 4, 2012, hearing, Plaintiffs have already been given leave to amend their Complaint, and the pending Motion to Dismiss is against their Amended Complaint.

The Court notes Defendants' Motion to Dismiss is supported by the Declaration of Leta E. Gorman and an attached exhibit that does not appear to add any facts to those set out in or referred to in attachments to Plaintiff' Complaint. If Plaintiffs determine Defendants have, in fact, added new factual material to the record with their Motion to Dismiss, Plaintiffs may submit additional evidence in their response to Defendants' Motion to rebut that new matter as the Court directed at oral argument.

5 - OPINION AND ORDER

As the Court explained to Plaintiff Rick Sovereign at the hearing, the Court's task in resolving Defendants' Motion to Dismiss is to determine whether Plaintiffs have stated a plausible claim for relief.  Because Plaintiff' only potential claim in this matter is one for "declaratory judgment," Plaintiffs must be able to show in their response to Defendants' Motion that they have stated a legal basis for relief that satisfies the "case-or-controversy" requirement for this Court's jurisdiction over an action for declaratory relief.  *See* Opin. & Order (#42) issued November 15, 2011, at 7-9.  Plaintiffs' factual allegations concerning their suspicions about transactions involving their mortgage between its origination and the issuance of the Notice of Default and Election to Sell are alone insufficient to state a legal basis for such relief.  As noted, Plaintiffs must provide some basis in law that, when considered in light of their factual allegations, shows Plaintiffs have a legal "justiciable" dispute with Defendants that the Court has authority to resolve by declaration.  As explained at oral argument, Defendants do not bear any burden of proof at this stage of the proceedings.  Furthermore, as explained by Magistrate Judge Paul Papak in *Stewart v. Mortgage Electronic Registration Systems*, the Oregon Trust Deed Act (under which Plaintiffs proceed here) "does not require presentment of the Note or any other proof of 'real party in interest' or

6 - OPINION AND ORDER

'standing,' other than the Deed of Trust." No. 09-CV-687-PK, 2010 WL 1055131, at *12 (D. Or. Feb. 9, 2010).

Accordingly, the Court hereby extends the TRO already in effect in this matter until a further order of this Court that resolves both Defendants' Motion to Vacate (#38) and Motion to Dismiss (#59) in accordance with the schedule set out herein.

IT IS SO ORDERED.

DATED this 4th day of January, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER